IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-2779-WJM-NYW

RODRICK D. MADISON,

    Plaintiff,

v.

ANDREW AVERY and
AVERY ASPHALT,

    Defendants.

_____

**ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE**
_____

This matter is before the Court *sua sponte*. On August 27, 2021, the Court issued an Order adopting the Report and Recommendation of United States Magistrate Judge Nina Y. Wang, which denied *pro se* Plaintiff Rodrick D. Madison's Motion for Default Judgment without prejudice and granted Plaintiff leave to file a renewed motion for default judgment to address the deficiencies identified in the Recommendation. (ECF No. 65.) The Court did not set a deadline by which Plaintiff was required to file the renewed motion for default judgment. To date Plaintiff has not filed a renewed motion for default judgment.

Local Rule of Civil Practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

1

D.C.COLO.LCivR 41.1.  The Court cannot and does not act as an advocate for a *pro se* party, *see Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998), and a party's *pro se* status does not exempt him or her from complying with the procedural rules that govern all civil actions filed in this District, namely, the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Colorado, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008).  Indeed, "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."  *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).  When issuing sanctions for failure to prosecute, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).

On November 18, 2021, the Court issued an Order to Show Cause which directed Plaintiff to show cause, in writing, why this Court should not dismiss this action for failure to prosecute under D.C.COLO.LCivR 41.1.  (ECF No. 66.)  Plaintiff's response to the Order to Show Cause was due on or before December 3, 2021.  (*Id.*)  In the Order to Show Cause, the Court stated: "**Plaintiff is specifically advised that his failure to respond to this Order to Show Cause will result in this Court dismissing this civil action without prejudice without further Order of the Court**."  (*Id.* (emphasis in original).)

Plaintiff has failed to respond to the Order to Show Cause, and the time in which to do so has passed.  Therefore, the Court hereby DISMISSES this case WITHOUT PREJUDICE for failure to prosecute.  The Clerk shall enter judgment and shall thereafter

2

terminate this action.  The Clerk shall send a copy of this Order and the Judgment to Plaintiff and shall file a certificate of service on the docket.

Dated this 8th  day of December, 2021.

BY THE COURT:

_____
William J. Martínez
United States District Judge