IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-2779-WJM-NYW

RODRICK D. MADISON,

    Plaintiff,

v.

ANDREW AVERY and
AVERY ASPHALT,

    Defendants.

_____

**ORDER GRANTING CONSTRUED MOTION TO VACATE FINAL JUDGMENT
AND TO HOLD THIS CASE IN ABEYANCE**
_____

    This matter is before the Court on *pro se* Plaintiff Rodrick Madison's Motion For This Matter To Be Held In Abeyance, which the Court construes as a motion to vacate the judgment under Federal Rule of Civil Procedure 59(e) ("Motion"), in addition to a request for a stay through February 1, 2022.  (ECF No. 71.)  For the following reasons, the Court will grant the construed Motion, vacate the Final Judgment, and temporarily stay this action.

    Following the issuance of an Order to Show Cause, to which Plaintiff failed to respond, the Court dismissed this case on December 8, 2021 for failure to prosecute and entered Final Judgment.  (ECF Nos. 66, 68, 69.)  The Clerk of Court notified the Court that also on December 8, 2021—but after Final Judgment had been entered—it received the Motion in the mail from Plaintiff.  (ECF No. 71.)  In the Motion, Plaintiff explains that he is incarcerated in the Adams County Detention Facility and cannot access the legal library, attend court, or prepare pleadings.  (*Id.* at 1.)  Plaintiff states that he expects to

1

be able to resume prosecution of this case by mid-January 2022.  (*Id.* at 2.)  Therefore, he requests that the Court hold this case in abeyance until February 1, 2022.  (*Id.*)

Rule 59(e) permits a Court to alter or amend a judgment on timely motion by a party.  Fed. R. Civ. P. 59(e).  "Rule [59(e)] was adopted to mak[e] clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment."  *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982) (internal quotation marks omitted).  Accordingly, the Court may amend a judgment in its discretion where: (1) there has been an intervening change in the controlling law; (2) new evidence that was previously unavailable has come to light; or (3) the Court sees a need to correct clear error or prevent manifest injustice.  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Given the foregoing explanation by Plaintiff for his failure to prosecute this action, the Court sees a need to prevent manifest injustice under *Servants of Paraclete*, and will grant Plaintiff's construed Motion.

Therefore, the Court ORDERS the following:

1. The Court GRANTS Plaintiff's construed Motion (ECF No. 71);

2. The Court hereby VACATES the Final Judgment (ECF No. 69);

3. The Court hereby STAYS this case through February 1, 2022;

4. Plaintiff is DIRECTED to file an amended motion for default judgment by **February 15, 2022**;

5. Plaintiff is ON NOTICE that should an amended motion for default judgment not be received by the Clerk by February 15, 2022, the Court will dismiss this case without

prejudice WITHOUT FURTHER NOTICE TO PLAINTIFF and will reenter final judgment; and

6.      The Clerk shall mail a copy of this Order to Plaintiff and file a certificate of service on the docket.

Dated this 13th day of December, 2021.

BY THE COURT:

_____
William J. Martínez
United States District Judge