IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-2779-WJM-MEH

RODRICK D. MADISON,

    Plaintiff,

v.

ANDREW AVERY and
AVERY ASPHALT,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTIONS TO REOPEN CASE AND VACATE FINAL JUDGMENT

Before the Court is *pro se* Plaintiff Rodrick D. Madison's Motion to Reopen Case and Vacate Final Judgment, filed on December 29, 2022 ("First Motion") (ECF No. 91) and Motion to Reopen Final Judgment In Order to Prosecute the Case and Default Judgment, filed on February 27, 2023 ("Second Motion") (ECF No. 92) (together, "Motions").  Defendants Andrew Avery and Avery Asphalt have not entered an appearance in this action and did not respond to the Motions.

The Court dismissed this action without prejudice for failure to prosecute on June 1, 2022 and entered Final Judgment the same day.  (ECF Nos. 89, 90.)  Therefore, because Plaintiff filed the Motions more than 28 days after judgment was entered, the Court construes the Motions as filed pursuant to Federal Rule of Civil Procedure 60(b). *See* Fed. R. Civ. P. 60(c) (a motion under Rule 60 must be made within a reasonable time . . . no more than a year after the entry of the judgment or order or the date of the

proceeding).

Rule 60(b)(1) permits the court to relieve a party from a final judgment, order or other proceeding on the grounds of "mistake, inadvertence, surprise, or excusable neglect." A motion for relief from a judgment under Rule 60(b) is addressed to the sound discretion of the trial court. *Zimmerman v. Quinn*, 744 F.2d 81, 82 (10th Cir. 1984); *see also LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1475 (10th Cir. 1983) (decision whether relief should be granted under Rule 60(b) is discretionary, and the ruling should not be disturbed except for a manifest abuse of discretion).

In the First Motion, Plaintiff requests that the Court reopen this action due to "extraordinary circumstances out of [his] control." (ECF No. 91 at 1.) He states that he has been "detained" for most of 2022, had COVID-19, and was "shoot [*sic*] on April 12, 2022." (*Id.* at 1–2.) In his Second Motion, Plaintiff essentially repeats the reasons stated in the First Motion and asks the Court to reopen this action due to "extraordinary circumstances." (*Id.* at 2.)

Upon due consideration, the Court finds that Plaintiff has not demonstrated good cause under Rule 60(b)(1) or (6)—the only two prongs of Rule 60 which could apply here. A review of the docket reveals that Plaintiff failed to keep his address updated with the Court, resulting in mail being returned as undeliverable on numerous occasions (ECF Nos. 16, 17, 18, 22, 23, 27); failed to timely serve Defendants, resulting in an Order to Show Cause under Rule 4(m) (ECF No. 30); an order to show cause for failure to prosecute (ECF No. 66); an order dismissing this action without prejudice for failure to prosecute (ECF No. 68), which had to be vacated when Plaintiff moved for the matter to be held in abeyance (ECF No. 71); and finally, another order dismissing this action

2

without prejudice for failure to prosecute and final judgment being entered on June 1, 2022 (ECF Nos. 89, 90). While the Court is sympathetic to the hardships Plaintiff claims to have suffered, and which he states have inhibited his ability to prosecute this action, it does not excuse the numerous delays and judicial resources expended from 2019, when he filed this action, to 2022 when the Court dismissed this action. Therefore, the Court denies his requests to reopen this action.

For the foregoing reasons, the Court ORDERS that the Motions (ECF Nos. 91 and 92) are DENIED. This action remains CLOSED.

Dated this 17th day of July, 2023.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge